

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2009

# Peter G. Repoli Jr. v. William Cuoco, Esq.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Peter G. Repoli Jr. v. William Cuoco, Esq." (2009). *2009 Decisions.* Paper 1859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1540
_____

PETER G. REPOLI, JR.,

  Appellant

v.

WILLIAM CUOCO, ESQ.; GEORGE SHIRE, ESQ.;
REGINA LYNCH; BRENDA WILLIAMS, ESQ.;
JOANN OLIVER, ESQ.; MICHAEL MARUCCI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-00115)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2009

Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

Opinion filed: February 18, 2009

_____

OPINION
_____

PER CURIAM.

   Appellant Peter G. Repoli appeals a January 16, 2008, District Court order

dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted, and a February 11, 2008, order denying reconsideration and leave to amend. For the reasons that follow, we will affirm.

## I. Background

According to his complaint, Repoli is a paralegal employed by a legal aid organization specializing in criminal law. In November 2007, he accompanied a woman to court to assist her in an effort to reduce her fiancé's bail in exchange for a payment of $250 that he "held in trust" for her. Before the fiancé's hearing, Repoli encountered Appellees, attorneys employed by the New Jersey Public Defender's Office, who were representing the fiancé. Repoli provided Appellees with a "statement of facts" he had prepared in advance, which he intended for their use in representing the fiancé. He then sat with the woman to explain the court proceedings to her.

Appellees allegedly sought to speak to the woman alone, at which time they instructed her to stop communicating with Repoli, informing her that he is a criminal and should not be trusted. When Repoli attempted to intervene, Appellees allegedly told him "we don't like you, we don't want you here," and ordered him to return the woman's money to her. Two officers who are not party to this action then entered the courtroom and had Repoli removed to the Essex County Sheriff's Office.[1]

_____

[1] Repoli raises additional factual allegations concerning his treatment while held at the Sheriff's Office, including threats of bodily harm. However, Repoli does not allege that any Appellee played a role in the events relating to his removal and detention.

2

Proceeding pro se, Repoli filed a civil rights action against Appellees pursuant to 42 U.S.C. § 1983,[2] seeking, <u>inter alia</u>, compensatory and punitive damages. He also applied to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. The District Court granted him IFP status, and in an order entered January 16, 2008, dismissed Repoli's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. Repoli moved for "re-argument or clarification." Treating it primarily as a request for reconsideration and leave to amend, the District Court denied Repoli's motion. Repoli then pursued a timely appeal to this Court.

## II. <u>Analysis</u>

To state a claim under 42 U.S.C. § 1983, Repoli was required to show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Robb v. City of Philadelphia</u>, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)). We exercise plenary review over the District Court's dismissal of Repoli's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. <u>See</u> <u>Tourscher v.</u>

---

[2] In his notice of appeal, Repoli also invokes 28 U.S.C. § 1985, which prohibits certain conspiracies to violate civil rights. <u>See</u> 42 U.S.C. § 1985(1)-(3). However, Repoli's complaint does not reference § 1985, and Repoli failed to allege conduct covered by § 1985, including any fact from which a conspiratorial agreement between Appellees could be inferred.

3

McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Relying on the Supreme Court's decision in Polk County v. Dodson, 424 U.S. 312, 325 (1981), the District Court explained that "public defenders do not act under color of state law." The District Court reasoned that, under Dodson, "[b]ecause clients cannot sue counsel representing them as pubic defenders under § 1983, a paralegal (such as Plaintiff) . . . clearly has no ability to bring such a § 1983 claim against public defenders for their actions in the course of representing other clients." Thus, because all Appellees are public defenders, the District Court held that Repoli's complaint must be dismissed.

Repoli contends that Dodson does not apply because Appellees did not act as his counsel during the events in question. Indeed, Repoli's complaint is unique because § 1983 claims against public defenders are typically pursued by clients of the public defenders, rather than third parties to that relationship. Nevertheless, we agree with the District Court's reasoning that Dodson extends to Repoli's case.

Repoli's invocation of state authority is limited to his allegation that Appellees are employees of the New Jersey Public Defenders Office. In Dodson, the Supreme Court firmly rejected the notion that a public defender is a state actor solely because he or she is an employee of the state. Dodson, 454 U.S. at 321. Rather, to satisfy the "color of state law" element, Repoli was required to allege that Appellees were not merely performing lawyers' traditional functions, see id. at 325, but instead were

4

attempting to exercise some sort of official authority over him. See, e.g., Wyatt v. Cole, 504 U.S. 158, 161 (1992) (The "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

Repoli failed to raise such an allegation. The complaint shows that Repoli was aware that Appellees were acting as defense counsel to the fiancé, not as state officials. Indeed, Repoli attempted to provide assistance to Appellees in their preparation of the fiancé's legal defense. As defense counsel to the fiancé, Appellees were acting as private attorneys opposing the state. See Dodson, 454 U.S. at 318. We have long held that "[w]hen counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state." United States ex rel. Darcy v. Handy, 203 F.2d 407, 426 (3d Cir. 1953).

Action taken "under color of state law" must be fairly attributable to the state. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). Even construing Repoli's pro se complaint liberally, Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), Appellees' complained-of actions cannot be fairly attributed to the state. Thus, we conclude that the District Court properly dismissed Repoli's claims.[3] See 28

---

[3] Although we need not reach the issue, we note that Repoli also failed to allege a violation of the constitution or federal law to satisfy the second element of his § 1983 claim.

5

U.S.C. § 1915(e)(2)(B)(ii).

Repoli then moved for "re-argument/clarification." The District Court construed this motion as primarily seeking reconsideration and leave to amend. A motion for reconsideration may be granted to correct manifest errors of law, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and leave to amend a pleading "shall be freely given when justice so requires," see Fed. R. Civ. P. 15(a). We examine the District Court's denial of Repoli's motion for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

Granting a plaintiff leave to amend is not necessary where amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). The District Court did not abuse its discretion in concluding that amendment would be futile in this case, and that reconsideration and leave to amend should be denied.[4] We therefore will affirm the District Court's February 11, 2008, order.

Finally, Repoli contends that the District Court engaged in improper ex parte communications with Appellees. We find no support in the record for such a claim.

---

[4] Repoli's motion also sought reargument, appointment of counsel, and clarification of the District Court's January 16, 2008, order. The District Court denied the request for reargument because it issued its order pursuant to Fed. R. Civ. P. 78(b), which permits the court to decide motions on briefs. The District Court denied Repoli's request for counsel as moot. While the District Court did not expressly state that it granted Repoli's request for clarification, the February 11, 2008, order provided clarification of the grounds for its January 16, 2008, order. We find no abuse of discretion in any of these actions

III.  <u>Conclusion</u>

Because Repoli failed to state a claim under 42 U.S.C. § 1983, and because he cannot amend his complaint to do so, we conclude that the District Court properly dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e) and denied reconsideration.  We therefore will affirm the District Court orders entered January 16, 2008, and February 11, 2008.